| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Chic Nails, Inc. |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF ARKANSAS |
| Case number (if known) | 6:23-bk-71690 |

☐ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11    02/20

**Chic Nails, Inc.** 's Plan of Reorganization, Dated **March 15, 2024**

**Background for Cases Filed Under Subchapter V**

- **A. Description and History of the Debtor's Business**

  The Debtor is a corporation. Since 2009, the Debtor has been in the business of nail care and beauty treatments. The COVID-19 pandemic severely impacted its operations, leading to a significant decline in clientele and revenue. With the introduction of social distancing and mandatory shutdowns, Chic Nails, Inc. faced unprecedented challenges. To stay afloat, the salon took out high-interest loans, which, despite initial relief, added to its financial burdens due to stringent repayment terms. Efforts to negotiate with creditors provided temporary respite but were not enough to overcome the accumulating debt. Consequently, facing insurmountable financial pressures and unable to sustain operations, Chic Nails, Inc. filed for Chapter 11 bankruptcy as a strategy to reorganize and manage its debts, aiming to navigate through the crisis and eventually regain its standing in the beauty industry.

- **B. Liquidation Analysis**

  To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit **A** .

- **C. Ability to make future plan payments and operate without further reorganization**

  The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

  The Plan Proponent has provided projected financial information as Exhibit **B**.

  The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of approximately $45,592.80, resulting in a 5.0% distribution over the five (5) year period of the plan.

  **You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

## Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of **Chic Nails, Inc.** (the *Debtor*) from [Specify sources of payment, such as an infusion of capital, loan proceeds, sale of assets, cash flow from operations, or future income].

This Plan provides for:  **1** classes of priority claims;

**3** classes of secured claims;

**1** classes of non-priority unsecured claims; and

**1** classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately $45,592.80 over the five (5) year period of the plan. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

| 2.01 | Class 1 | All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2). |
| --- | --- | --- |
| 2.02 | Class 2 | The secured claim of the Small Business Administration to the extent allowed as a secured claim under § 506 of the Bankruptcy Code. |
| 2.03 | Class 3 | The secured claim of Arvest Bank to the extent allowed as a secured claim under § 506 of the Bankruptcy Code. |

| Debtor | Chic Nails, Inc. | Case number (*if known*) | 6:23-bk-71690 |
|---|---|---|---|
| | Name | | |

| | | |
|---|---|---|
| 2.04 | **Class 4** | The secured claim of Mercedes Benz Financial to the extent allowed as a secured claim under § 506 of the Bankruptcy Code. |
| 2.05 | **Class 5** | All non-priority unsecured claims allowed under § 502 of the Code. |
| 2.06 | **Class 6** | Equity interests of the Debtor |

### Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims are not in classes. |
| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan, in cash, upon the later of ninety (90) days from the effective date of this Plan, or the date on which such claim is allowed by a final, non-appealable order, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |
| 3.03 | **Priority tax claims** | Debtor has chosen to list priority tax claims as a separate class, in Article 4 below, to provide full disclosure of the treatment of this claim within the Plan. |
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |

### Article 4: Treatment of Claims and Interests Under the Plan

4.01    **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority claims excluding those in Article 3** | ☐ Impaired<br>☑ Unimpaired | This class consists of Section 507(a)(8) priority, unsecured claim of the Internal Revenue Service in the amount of $11,223.28. This claim shall be paid in full over five (5) years at zero (0%) percent interest with 60 monthly payments of $187.05. Payments shall begin on the first day of the first month following the effective date of the Plan, or when a final non-appealable order is entered allowing the claim, whichever comes last.<br><br>Nothing herein shall constitute an admission as to the nature, validity, or amount of such claim. Debtor reserves the right to object to any and all claims. |
| **Class 2 – Secured claim of U.S. Small Business Administration** | ☑ Impaired<br>☐ Unimpaired | |

| Debtor | Chic Nails, Inc. | Case number (*if known*) | 6:23-bk-71690 |
|---|---|---|---|
| | Name | | |

| | | |
|---|---|---|
| | | This class consists of the secured claim filed by the U.S. Small Business Administration, in the total amount of $471,444.14. This claim is secured by a lien on personal property of the debtor, including all inventory, equipment and accounts of the debtor. The secured claim of the U.S. Small Business Administration shall be paid the value of the equity in the collateral securing the claim in the amount of $11,093.18 at 8.5% interest with 60 consecutive monthly payments of principal and interest in the amount of $227.59. The remaining portion of the claim, in the amount of $460,350.96 shall be allowed as a general unsecured claim, which shall be paid pursuant to Class 5 below. |
| | | Collection against any co-debtor or personal guarantor shall be prohibited after confirmation of the Plan provided that debtor is not in default with the terms of the Plan. |
| | | Nothing herein shall constitute an admission as to the nature, validity, or amount of such claim. Debtor reserves the right to object to any and all claims. |
| **Class 3 – Secured claim of Arvest Bank** | ☑ Impaired<br>☐ Unimpaired | This class consists of the secured claim held by Arvest Bank, in the approximate amount of $52,102.00, which is secured by a lien on personal property of the debtor, including inventory, equipment and accounts of the debtor. There is no remaining collateral securing this claim after allowance for Class 2. Therefore, this claim shall be treated as a general unsecured claim and shall be paid pursuant to Class 5 below. |
| | | Collection against any co-debtor or personal guarantor shall be prohibited after confirmation of the Plan provided that debtor is not in default with the terms of the Plan. |
| | | Nothing herein shall constitute an admission as to the nature, validity, or amount of such claim. Debtor reserves the right to object to any and all claims. |
| **Class 4 – Secured claim of Mercedes Benz Financial** | ☐ Impaired<br>☑ Unimpaired | This class consists of the secured claim filed by Mercedes Benz Financial, in the amount of $38,214.42. This claim is secured by a 2021 Mercedes GLE. This claim shall be paid in full by the co-debtor, Ngan Nguyen, through her Chapter 13 bankruptcy case, filed in the Western District of Arkansas, Hot Springs Division, Case No. 6:23-bk-71689. |
| | | Collection against any co-debtor or personal guarantor shall be prohibited after confirmation of the Plan provided that debtor is not in default with the terms of the Plan. |
| | | Nothing herein shall constitute an admission as to the nature, validity, or amount of such claim. Debtor reserves the right to object to any and all claims. |

| Debtor | Chic Nails, Inc. | | Case number (*if known*) 6:23-bk-71690 |
|---|---|---|---|
| | Name | | |

| | | | |
|---|---|---|---|
| | **Class 5 – Non priority unsecured creditors** | ☑ Impaired<br>☐ Unimpaired | This class consists of the allowed general unsecured non-priority claims, in the approximate amount of $911,855.94 and includes any amounts of secured claims that exceed the value of the collateral securing the claim. Debtor estimates that there will be a dividend pool accumulated over the next five (5) years of the Plan in the amount of $45,592.80. Therefore, unsecured creditors will receive approximately 5.0% distribution on their claims over the five (5) year period of the plan. Debtor will disburse payment pro rata to unsecured creditors at the end of every year for the five (5) years following confirmation of the plan.<br><br>Collection against any co-debtor or personal guarantor shall be prohibited after confirmation of the Plan provided that debtor is not in default with the terms of the Plan.<br><br>Nothing herein shall constitute an admission as to the nature, validity, or amount of such claim. Debtor reserves the right to object to any and all claims. |
| | **Class 6 – Equity security holders of Debtor** | ☐ Impaired<br>☑ Unimpaired | Equity security holders will retain their equity interest in the property of the estate. |

### Article 5: Allowance and Disallowance of Claims

| 5.01 | **Disputed Claim** | A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either:<br>(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or<br>(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
|---|---|---|
| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order]. |
| 5.03 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

### Article 6: Provisions for Executory Contracts and Unexpired Leases

| 6.01 | **Assumed executory contracts and unexpired leases** | (a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date:<br>    All insurance contracts currently in place for all of debtor's property. |
|---|---|---|
| | | (b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date. |

### Article 7: Means for Implementation of the Plan

| Debtor | Chic Nails, Inc. | Case number (*if known*) | 6:23-bk-71690 |
|---|---|---|---|
| | Name | | |

Upon confirmation, Debtor shall be charged with administration of the case. Carlton Rogers will continue to perform his current position as President of The Floor Store, LLC, and payments for the plan will be made from cash flow from this business. Debtor may maintain bank accounts under the confirmed Plan in the ordinary course of business. Debtor may also pay ordinary and necessary expenses of the administration of the Plan in due course.

Pursuant to Section 1183(b)(4), the Subchapter V Trustee shall ensure that the Debtor commences making timely payments required by this Plan, if confirmed. Not later than 14 days after the Plan is substantially consummated, the Debtor shall file with the Court and serve on the Subchapter V Trustee, the United States Trustee, and all parties in interest, notice of such substantial consummation.

If this plan is confirmed under Section 1191(a) or (b) of Title 11, the service of the Subchapter V Trustee in the case shall terminate when the Plan has been substantially consummated, except the United States Trustee may reappoint a trustee as needed for performance of duties under subsection (b)(3)(c) of Section 1183 and Section 1185(a) of Title 11.

Debtor will be authorized and empowered to take such actions as are required to effectuate this Plan. Debtor will file all quarterly Post-Confirmation Reports if required by the Office of the United States Trustee. Debtor will also file the necessary final reports and may apply for a Final Decree after substantial consummation and/or the completion of the claims analysis and objection process, and at such a time as Debtor deems appropriate, unless otherwise required by the Bankruptcy Court. Debtor shall be authorized to reopen this case to enforce the terms of the Plan, even after the entry of a Final Decree, including for the purpose of seeking to hold a party in contempt or to enforce the confirmation or discharge injunction or to otherwise afford the Debtor relief.

### Article 8: General Provision

| | | |
|---|---|---|
| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan. |
| 8.02 | **Effective Date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding Effect:** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| 8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Arkansas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. |
| 8.07 | **Corporate Governance** | Debtor will not change its corporate form nor its form of governance, and Ngan Nguyen will remain as Debtor's President and principal officer. |
| 8.08 | **Retention of Jurisdiction** | Debtor reserves the right to prepay all or part of any claim at any time without penalty. Debtor reserves the right to waive the finality of any order confirming the Plan and proceed to perform hereunder. Until the effective date and until the case is closed, the Court shall retain jurisdiction of the proceedings for the purposes set forth in Section 1127(b) of the Code to: (a) Determine the allowance or disallowance of claims and interests and to enforce all causes of action which may exist on behalf of the Debtor; (b) Fix allowances of compensation and other administrative expenses; (c) Ensure that the purpose and intent of this Plan are carried out, and for such other matters as may be proper, and (d) Enter a Final Decree. In no event shall the retention of jurisdiction by the Court be less than that specified under Section 105 of the Bankruptcy Code. This Plan may be modified in accordance with the provisions of the Code and applicable rules. |

### Article 9: Discharge

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

    (i) imposed by this Plan; or

    (ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 5 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

    (i) on which the last payment is due after the first 5 years of the plan, or as otherwise provided in § 1192;

    or

| Debtor | **Chic Nails, Inc.** | Case number (*if known*) | **6:23-bk-71690** |
|---|---|---|---|
| | Name | | |

(ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

### Article 10: Other Provisions

[Insert other provisions, as applicable.]

**1. Claims Bar Date.** A Claims Bar Date was not set in this case by Order of the Court. A General Bar Date was established as thirty (30) days from the date of filing of the original Plan and that date shall not be changed by the filing of this amended Plan.

**2. Disbursing Agent.** Unless otherwise provided herein, all distributions under this Plan shall be made by Debtor, or its agent, if confirmed under Section 1191(a). If this Plan is confirmed under Section 1191(b), the Debtor, or its agent, shall also be responsible for the distribution of all payments called for under this Plan during the term of the Plan.

**3. Delivery of Distributions.** The Distribution to a Holder of an Allowed Claim shall be made by the Debtor (a) at the address set forth on the proof of claim filed by such Holder. If any Holder's Distribution is returned as undeliverable no further Distributions to such Holder shall be made unless and until Debtor is notified by such Holder in writing of such Holder's then-current address.

**4. Default.** Should Debtor fail to take any action as required under the plan, any party directly affected thereby shall give Debtor, and its counsel, written notification and no claim of default shall be effective until such notice is received by the Debtor and Debtor's counsel.

**5. Vesting of Debtor's Assets.** Except as otherwise explicitly provided for in this Plan, upon the Court's entry of the Confirmation Order, all property comprising the Estate (including Retained Actions, but excluding property that has been abandoned pursuant to an order of the Bankruptcy Court, title to the Property, real or personal, of the Debtor's estate, shall re-vest in the Debtor. Secured creditors shall retain their liens. As of the earlier of the Effective Date and the entry of a Final Decree, Debtor may use, acquire and dispose of property and settle and compromise claims or interests without supervision of the Bankruptcy Court, free of any restriction of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed by this Plan and Confirmation Order thereof. Nothing within the Plan shall be construed as limiting the post-Effective Date operations of the Debtor.

**6. Injunction from Enforcement of Pre-Petition Debt.** The Order confirming the Plan shall contain a permanent injunction of the Bankruptcy Court against any Person: (a) for the commencement or continuation of any action, (b) the employment of process; or (c) taking any action to collect, recover, or offset from or against the Debtor, any Co-Debtor, or any of Debtor's property, on any pre-petition obligation or debt except pursuant to the terms of this Plan.

Respectfully submitted,

**X** /s/ Ngan Nguyen
[Signature of the Plan Proponent]

**Ngan Nguyen**
[Printed name]

**X** /s/ Marc Honey
[Signature of the Attorney for the Plan Proponent]

**Marc Honey 86091**
[Printed name]

**Chic Nails, Inc.**

**6:23-bk-71690**

EXHIBIT "A"

## Liquidation Analysis

| Description | Total Amount | Real Property | Personal Prpty |
|---|---:|---:|---:|
| Total Property Value | 32,468.18 | 0.00 | 32,468.18 |
| Less: | | | |
| Schedule D. Secured Claims | 32,468.18 | 0.00 | 32,468.18 |
| | ---------------- | ---------------- | ---------------- |
| Interest in Nonexempt Property | 0.00 | 0.00 | 0.00 |
| Less: | | | |
| Estimated Chapter 7 Admin Expenses | 0.00 | | |
| Schedule E. Priority Claims | 11,223.28 | | |
| | ---------------- | | |
| Available to General Unsecured | -11,223.28 | | |
| | | | |
| Total General Unsecured | 911,855.94 | | |
| Percent Distribution | 0.00% | | |
| | | | |
| Details: | | | |
| Unsecured from Schedule D | 595,292.38 | 0.00 | 595,292.38 |
| Unsecured from Schedule E | 772.85 | | |
| Unsecured from Schedule F | 315,790.71 | | |